**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>KEVIN TAING,<br>      Debtor | Chapter 7<br>Case No. 19-41485-CJP |
| DINE CHAU,<br>      Plaintiff<br><br>v.<br><br>KEVIN TAING,<br>      Defendant | AP No. 20-4048-CJP |
| WILLIAM THI,<br>      Plaintiff<br><br>v.<br><br>KEVIN TAING,<br>      Defendant | AP No. 20-4049-CJP |
| SAMUEL CHY AND CYTHINA CHY,<br>      Plaintiffs<br><br>v.<br><br>KEVIN TAING,<br>      Defendant | AP No. 20-4050-CJP |

**MEMORANDUM OF DECISION REGARDING PLAINTIFFS'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is the Motion for Partial Summary Judgment (the "Motion")[1] and Statement of Material Facts (the "Movants' SOF")[2] filed jointly by the plaintiffs, Dine Chau,

---

[1] ECF No. 85, *Chau v. Taing*, A.P. No. 20-4048; ECF No. 83, *Thi v. Taing*, A.P. No. 20-4049; ECF No. 83, *Chy, et al. v. Taing*, A.P. No. 20-4050.

[2] ECF No. 85-2, A.P. No. 20-4048; ECF No. 83-2, A.P. No. 20-4049; ECF No. 83-2, A.P. No. 20-4050.

William Thi, Samuel Chy, and Cythina Chy (collectively, the "Plaintiffs" or "Movants"), in each of the above captioned adversary proceedings (collectively, the "Adversary Proceedings"), the Opposition (the "Debtor's Opposition")[3] and Statement of Material Facts (the "Debtor's SOF")[4] filed by Kevin Taing (the "Defendant" or "Debtor"), and the Movants' Reply (the "Reply).[5] The first count of each of the five count complaints filed by the Plaintiffs requests a determination that each of their debts are excepted from discharge under 11 U.S.C. § 523(a)(4)[6] based on the Debtor's criminal larceny conviction under Mass. Gen. Laws ch. 266, § 30(1), and it is this claim with respect to which the Movants seek summary judgment. The Debtor disputes his liability to the Movants and asserts that genuine issues of material fact exist that would preclude summary judgment. For the reasons stated below, the Debtor's Opposition is OVERRULED, and the Motion is GRANTED.

I. **Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056 (applying Fed. R. Civ. P. 56(a) to adversary proceedings). When opposing a properly supported motion for summary judgment, a party "must set forth *specific facts* showing that there is a genuine issue for trial" of material fact and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)

---

[3] ECF No. 111, A.P. No. 20-4048; ECF No. 109, A.P. No. 20-4049; ECF No. 110, A.P. No. 20-4050. The Debtor also included an affidavit in support of his opposition. ECF No. 111-1, A.P. No. 20-4048; ECF No. 109-1, A.P. No. 20-4049; ECF No. 110-1, A.P. No. 20-4050 (the "Debtor's Affidavit").

[4] ECF No. 112, A.P. No. 20-4048; ECF No. 110, A.P. No. 20-4049; ECF No. 111, A.P. No. 20-4050.

[5] ECF No. 113, A.P. No. 20-4048; ECF No. 111, A.P. No. 20-4049; ECF No. 112, A.P. No. 20-4050.

[6] Unless otherwise noted, all section references herein are to Title 11 of the United States Code, 11 U.S.C. §§ *101 et seq.*, as amended (the "Bankruptcy Code" or "Code").

(quotation omitted and emphasis added). An opposing party may not rest upon mere allegations or denials in the pleadings or upon conclusory statements in affidavits; rather, they must go beyond the pleadings and support their contentions with proper documentary evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To defeat summary judgment, a party must show that there is sufficient material evidence supporting the claimed factual dispute to require a fact finder to resolve the parties' differing versions of the truth at trial. *Anderson*, 477 U.S. at 248–49. The record presented is reviewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.*

The Movants accurately state the summary judgment standards to be applied by this Court based on the burdens of the parties:

> Under Rule 56, the court must review "each claim or defense—or the part of each claim or defense—on which summary judgment is sought" and will only grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F[ed]. R. Civ. P. 56(a); [*Nasif v. Palladino (In re Palladino)*], 560 B.R. [608,] 621 [(Bankr. D. Mass. 2016)]. When the moving party bears the burden of proof at trial on the claim for which summary judgment is sought, she must submit "conclusive" evidence on the claim such that no reasonable finder of fact could reach a conclusion different from the one sought by the movant. *See Photographic Illustrators Corp. v. Orgill, Inc.*, 953 F.3d 56, 64–65 (1st Cir. 2020). This standard governs the Plaintiffs' motion for summary judgment on those claims which comprise their case-in-chief. Conversely, for those issues on which the nonmovant has the burden of proof, as the Debtor-Defendant does with his affirmative defenses, "the movant need do no more than aver an absence of evidence to support the nonmoving party's case." *See Palladino*, 560 B.R. at 621 (internal quotations omitted). To avoid summary judgment, the nonmovant must then "establish the existence of at least one question of fact that is both genuine and material," but the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 621 (internal quotations omitted) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

3

Mot., at 6–7.

Because the Movants have asserted claims in the Adversary Proceedings under § 523(a) seeking a determination that debts owed by the Debtor are nondischargeable, they "bear[] the burden of proving each and every element of an exception to discharge by a preponderance of the evidence." *See Orumwense-Lawrence v. Osula (In re Osula)*, 519 B.R. 361, 377 (Bankr. D. Mass. 2014) (citing *Grogan v. Garner*, 498 U.S. 279, 291 (1991)); *see also Palmacci v. Umpierrez*, 121 F.3d 781, 787 (1st Cir. 1997).[7] The Debtor bears the burden of proving any affirmative defenses. *See, e.g.*, *In re Palladino*, 560 B.R. at 626–27.

## II. <u>Judicial Estoppel</u>

In each of the Movants' Adversary Proceedings, the Debtor stipulated (the "Stipulation") that

> if the Debtor's conviction is upheld after his right to appeal has been exhausted, or if his appeal is dismissed with the conviction still applying, the Debtor will not contest his liability to the [Plaintiffs], will not oppose the dischargeability of the debt owed to the [Plaintiffs], and will consent to this Court as the proper forum and venue for the resolution of [Plaintiffs'] claims. The parties further agree that even if the Debtor's conviction is upheld, the Debtor shall retain the right to contest the amount of debt owed to the [Plaintiffs].[8]

Stay Mot. at 1.

The Debtor's Opposition focuses on disputing the nondischargeability of the debts to the Movants and the intent element of § 523(a)—not the amount of the debts set forth in the proofs of claim filed by the Movants. *See* Debtor's Opp., at 9 ("Here, there is no proof of any false

---

[7] The Movants have filed proofs of claim in the above captioned bankruptcy case. *See* Claim No. 11-1, as amended at 11-2 ("Claim No. 11"); Claim No. 14-1, as amended at 14-2 ("Claim No. 14"); Claim No. 16-1, as amended at 16-3 ("Claim No. 16").

[8] *Joint Motion to Stay Adversary Proceeding Pending State Court Appeal*, ECF No. 7, A.P. No. 20-4048; ECF No. 7, A.P. No. 20-4049; ECF No. 7, A.P. No. 20-4050 (the "Stay Motion"); Order on Stay Motion dated Feb. 9, 2021, ECF No. 8, A.P. No. 20-4048; ECF No. 8, A.P. No. 20-4049; ECF No. 8, A.P. No. 20-4050.

4

statements as contended by the Defendant."). His argument in opposition to summary judgment is:

> For bankruptcy purposes, § 523(a)(2)(A) affords the Defendant the right to prove that he did not have criminal intentions. The plaintiffs[] contend that Mr. Taing did not have proof in documents to combat the claims against him, and the criminal convictions can both be inferred as to his mindset.

Debtor's Opp., at 10. I will address the infirmities of this argument below when I discuss collateral estoppel (issue preclusion), but as an initial matter, based on the Stipulation of the parties embodied in the Stay Motion, I rule that the Debtor is judicially estopped from asserting that he is not liable to the Movants and that the debts to Movants may be discharged. I will address determination of the amount of each debt below.

### III. Collateral Estoppel (Issue Preclusion)

Even if the Debtor was not judicially estopped because of the Stipulation, the doctrine of collateral estoppel precludes him from contesting the elements of § 523(a)(4). I need not recite all of the background and undisputed facts in the record material to my decision. It is undisputed that the Debtor was convicted under Mass. Gen. Laws ch. 266, § 30 of larceny in an amount "over $250" by a single scheme for amounts received from the Movants Chau (larceny by embezzlement), the Chys (larceny by false pretenses), and Thi (larceny by false pretenses). Those convictions are final judgments, Movants' SOF, at ¶ 2, and preclude re-litigation of those claims and facts material to those judgments, *In re Palladino*, 560 B.R. at 621 ("It is well recognized that collateral estoppel principles apply in proceedings to determine the dischargeability of a debt under 11 U.S.C. § 523(a)"). Federal courts look to state law to determine the preclusive effect of judgments. *Id.* Under Massachusetts law, a judgment must meet four requirements for issue preclusion to apply:

(1) there was a valid and final judgment on the merits in the prior adjudication;

5

  (2) the party against whom estoppel is asserted was a party (or in privity with a party) to the prior litigation;

  (3) the issue in the prior adjudication is identical to the issue in the current litigation; and

  (4) the issue in the prior litigation was essential to the earlier judgment.

*Id.* (internal quotes omitted). If these requirements are met, a party in a civil action against a former criminal defendant may assert collateral estoppel to preclude the defendant from relitigating issues that were decided in that defendant's prior criminal prosecution and facts essential to that conviction. *See Fidelity Mgmt. & Research Co. v. Ostrander*, 40 Mass. App. Ct. 195, 199 (1996). There is no reasonable contention that the Debtor did not have a full and fair opportunity to litigate the issues of intent and liability in his criminal prosecutions—even though he continues to maintain his innocence.

  "The general larceny statute . . . merges into one statutory crime 'three common-law crimes of stealing': larceny by theft, larceny by embezzlement, and larceny by false pretense." *Commonwealth v. Labadie*, 467 Mass. 81, 87 (2014) (citing *Commonwealth v. Mills*, 436 Mass. 387, 391–92 (2002)).[9] Larceny by embezzlement and larceny by false pretenses require a showing of a defendant's intent to deprive another party of property or to induce reliance on a false statement, respectively.[10] "Under bankruptcy law, larceny as used in section 523(a)(4) of the Bankruptcy Code means common law larceny," and "the issues under the state criminal

---

[9] Mass. Gen. Laws ch. 266, § 30(1) provides in relevant part as follows: "Whoever steals, or with intent to defraud obtains by a false pretence, or whoever unlawfully, and with intent to steal or embezzle, converts, or secretes with intent to convert, the property of another as defined in this section, whether such property is or is not in his possession at the time of such conversion or secreting, shall be guilty of larceny[.]"

[10] *Labadie*, 467 Mass. at 87 (citing *Mills*, 438 Mass. at 394) ("The elements of larceny by embezzlement are (1) that the defendant fraudulently converted to her personal use property that was under her control by virtue of a position of trust or confidence, and (2) that the defendant did so with the intent to deprive the owner of the property permanently."); *Mills*, 438 Mass. at 396 ("A prosecution for larceny by false pretenses requires proof that (1) a false statement of fact was made; (2) the defendant knew or believed that the statement was false when he made it; (3) the defendant intended that the person to whom he made the false statement would rely on it; and (4) the person to whom the false statement was made did rely on it and, consequently, parted with property.").

statutes, particularly G.L. c. 266, § 30, and section 523(a)(4) are the same." *Fleet Bank of Mass. v. Lavita (In re Lavita)*, 150 B.R. 3, 7 (Bankr. D. Mass. 1993); *see In re Palladino*, 560 B.R. at 628–29 ("The grounds for nondischargeability of larceny or embezzlement under § 523(a)(4) are identical to those required to prove the crimes of larceny or embezzlement under Massachusetts law" (quoting *Billing Sys. Inc. v. Nee (In re Nee)*, 50 B.R. 268, 272 (Bankr. D. Mass. 1985))).[11]

For the reasons set out in the Movants' briefs, I agree that proof of the elements of larceny under Mass. Gen. Laws ch. 266, § 30, including the required intent, and the convictions establish the elements of a claim of nondischargeability under § 523(a)(4). *See* Mot., at 12, 19. Moreover, the convictions established that the Debtor engaged in larceny by a single scheme over a specific period. As such, by application of collateral estoppel, the Movants are entitled to summary judgment that the Debtor's debts to them are nondischargeable under § 523(a)(4).

## IV. The Amount of Debt Owed to Each Movant

Given that the verdicts do not expressly establish an amount of debt owed to each Movant, I must either conclude that all amounts paid by the Movants to the Debtor during the periods established by the verdicts were facts necessary for conviction of the charged offenses, *cf. Aetna Cas. & Sur. Co. v. Niziolek*, 395 Mass. 737, 746–50 (1985) (concluding that "party to a civil action against a former criminal defendant may invoke the doctrine of collateral estoppel to preclude the criminal defendant from relitigating an issue decided in the criminal prosecution"); *In re Palladino*, 560 B.R. at 623, 625 (citing *Niziolek* for proposition of when collateral estoppel

---

[11] The Debtor attempts to distinguish the Movants' reliance on *In re Palladino* from the present case, explaining *In re Palladino* "was a case where the Defendant plead guilty, and the court had to decide whether the plea counts as an adjudicated case under 532(a)(4)," "[i]t is not on an adjudicated matter as in this case," and the Debtor's "'intent' is still a material fact' that must be decided by a jury or judge in this case." Debtor's Opp., at 9. Because the conviction of Taing resulted from a multiweek jury trial, however, this Court need not confront the issue before the *In re Palladino* court concerning whether a guilty plea constitutes a "full and fair opportunity to litigate" an issue for the purposes of applying collateral estoppel.

7

doctrine may be invoked for purposes of summary judgment and finding that material facts were not in dispute that would preclude summary judgment for the plaintiffs under § 523(a)(4) where, pursuant to Mass. Gen. Laws ch. 266, § 30, the debtor "was indicted for two counts a larceny, and one count of conspiracy, pled guilty and was sentenced"), or that the summary judgment record establishes that these amounts are not subject to bona fide dispute, *see* Fed. R. Civ. P. 56(a).  I conclude that both alternatives have been satisfied for Thi, the Chys, and a portion of Chau's claim and that the latter has been satisfied for the remaining portion of Chau's claim.

First, while the Debtor opposed summary judgment, *see* Debtor's Opp., filed a short statement of material undisputed or indisputable facts, *see* Debtor's SOF, and filed an affidavit, *see* Debtor's Aff., none of those filings directly refuted statements in the record regarding the amount of money paid by the Movants to the Debtor during the relevant periods or cited anything in the record that would refute the amounts asserted by the Movants.  "A party opposing the motion shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation. Copies of all referenced documentation shall be filed as exhibits to the motion or opposition."  D. Mass. L. R. 56.1, as incorporated by MLBR 7056-1, effective at the time the Motion was filed[12]; *see also* Fed. R. Civ. P. 56(c)(1).  The Debtor failed to file any statement disputing or controverting the Movants' SOF and merely filed an affidavit and deposition transcript in support of his opposition.  Material facts of record set forth in the

---

[12] After the summary judgment record was complete, amendments to the MLBR were adopted effective May 1, 2025.  The current iteration of MLBR 7056-1 similarly provides "[f]or material facts of record that have been denied as to which the opposing party contends there exists a genuine issue to be tried, the opposing party shall include page references to affidavits, depositions, and other supporting documentation supporting that contention," MLBR 7056-1(c), and "[c]opies of all referenced documentation shall be filed as exhibits to any Statement of Undisputed Facts and any response," MLBR 7056-1(h).

8

Movants' SOF were not controverted and are deemed admitted for purposes of summary judgment. Fed. R. Civ. P. 56(e); MLBR 7056-1 (incorporating D. Mass. L. R. 56.1).[13]

The Debtor does not specifically address any material fact set out by the Movants in his filings. In the Debtor's SOF, he merely states that he "maintains his innocence on any wrongdoing that he was convicted of and he believes that this should be decided by a trier of fact" and "believes that there are genuine material of facts that should overcome the Plaintiff[s'] Motion for Partial Summary Judgment." Debtor's SOF, at ¶¶ 7–8. While the Debtor attaches a deposition transcript to his SOF, the Debtor's general beliefs stated in the Debtor's SOF and his attached transcript fail to identify a genuine dispute of material fact or cite to the record required by MLBR 7056-1 and Fed. R. Civ. P. 56 to defeat summary judgment.

Second, the record reflects that the Debtor stole by larceny from Thi a total of $56,899.26 with respect to Thi's property at 14 Arlington Street. Movants' SOF, at ¶¶ 5–20. Thi filed an amended proof of claim in December 2020 for $104,367.04, representing $56,899.26 in actual damages and $47,467.78 in accumulated interest per Mass. Gen. Laws ch. 231, § 6C. See Claim No. 14. The record reflects that the Debtor stole by larceny from the Chys a total of $17,679.95 with respect to their property at 87 Harwood Street and $37,863.72 with respect to their property at 34 Wyman Street. Movants' SOF, at ¶¶ 21–49. The Chys filed a further amended proof of claim in July 2023 for $313,915.03, representing $55,543.67 in actual damages; $42,083.84 in accumulated interest per Mass. Gen. Laws ch. 231, § 6C; $195,175.02 in treble damages and accumulated interest per Mass. Gen. Laws ch. 93A, § 9(3); and $41,112.50 in attorneys' fees per Mass. Gen. Laws ch. 93A, § 9(4). See Claim No. 16; Movants' SOF, at 17 n.2 (noting amended

---

[13] Similarly incorporated in the amended MLBR 7056-1. See MLBR 7056-1(g) ("For purposes of considering whether summary judgment should enter, the Court may deem material facts of record set forth in the Statement of Undisputed Facts required by this Rule to be admitted unless expressly controverted by the statement required to be served by opposing parties with citations to the record").

claim accounts for $20,000.00 recovered from a separately liable party in June 2023). The record reflects that the Debtor stole by larceny from Chau a total of $137,402.00 with respect to the property at 58 Autumn Street. Movants' SOF, at ¶¶ 50–70. Chau filed an amended proof of claim in December 2020 for $220,392.26, representing $137,402.00 in actual damages and $82,990.26 in accumulated interest per Mass. Gen. Laws ch. 231, § 6C. *See* Claim No. 11.

These amounts are not only deemed admitted for purposes of my consideration of the Motions, but the underlying payments were made during the periods covered by the verdicts (except for Chau, explained below), and the Debtor has offered no evidence in the record establishing a dispute with respect to those facts. As such the Debtor is also collaterally estopped from disputing the amounts as not larcenous. I note that, while the Debtor offers no argument or statement that disputed facts exist with respect to the amount of the claims, there appears to be some evidence in the record that the Debtor paid money to an attorney or incurred expenses or provided "services" for the benefit of certain of the Movants.[14] Even had the Debtor properly asserted these as disputed material facts, the Debtor would be precluded from disputing the amounts were not larcenous because the verdicts determined that the amounts paid by Thi and the Chys to the Debtor during the applicable periods referenced by the respective verdicts were part of a "scheme" by the Debtor to commit larceny.[15] With respect to Chau, the Debtor's scheme as part of the verdict for larceny encompassed $114,914.00 of Chau's payments totaling $137,402.00. Movants' SOF, at ¶¶ 54, 69. The Movants assert the Debtor admitted in deposition testimony that the remainder of Chau's payments were part of the same scheme. Mot., at 16; Movants' SOF, ¶¶ 54–60. The Debtor failed to controvert this.

---

[14] *See, e.g.*, Mot., Ex. 2., *Tr. of Dep. of Kevin Taing,* at 17:18–24:21.

[15] *See* Mot., Ex. 1., at 1681cr00501-003, 1781cr00140-001, 1781cr00140-003–04.

The Debtor had the opportunity to defend in his criminal cases and asserted the same positions that there was no scheme and that he provided services and other benefits to the Movants. The Debtor cannot re-litigate those issues in these proceedings. The Debtor also set out no material undisputed facts that would support any affirmative defense. The Debtor could have disputed the amounts owed to the Movants as not being part of the schemes of which he was convicted. He did not do so.

In addition to the foregoing, I take judicial notice of the amounts of the proofs of claim filed by the Movants. The Bankruptcy Code provides: "[a] claim . . ., proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). "A proof of claim executed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). As this Court has previously stated:

> In order to rebut this prima facie evidence, the objecting party must produce "substantial evidence." *United States v. Clifford (In re Clifford)*, 255 B.R. 258, 262 (D. Mass. 2000) (citing *In re Hemingway Transp.*, 993 F.2d [915, 925 (1st Cir. 1993)]). If the objecting party produces substantial evidence in opposition to the proof of claim, and thereby rebuts the prima facie evidence, the burden shifts to the claimant to establish the validity of its claim. *In re Hemingway Transp.*, 993 F.2d at 925 ("Once the trustee manages the initial burden of producing substantial evidence . . . the ultimate risk of nonpersuasion as to the allowability of the claim resides with the party asserting the claim."). The "substantial evidence" that the objecting party must produce in order to rebut the claim's prima facie validity is "evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Everett*, No. 10-19457 (FJB), 2013 WL 3757283, at *5 (Bankr. D. Mass. July 15, 2013) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992)). This means that an "objector must produce evidence equal in force to the prima facie case." *Tracey v. United States (In re Tracey)*, 394 B.R. 635, 639 (B.A.P. 1st Cir. 2008) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d at 173). "If the objection contains such evidence, the claimant "is required to come forward with evidence to support its claims . . . and bears the burden of proving its claims by a preponderance of the evidence." *Id*. at 639 (quoting *In re Organogenesis, Inc.*, 316 B.R. 574, 583 (Bankr. D. Mass. 2004)). "[I]n view of the prima facie validity of the claim, the claimant's burden of ultimate persuasion (answering an objection supported by sufficient evidence) is a burden of persuasion only as to the

11

particular objection, of establishing that the defect alleged in the objection either does not exist or is no defect." *Lyman-Cutler, LLC v. Kagan (In re Lyman-Cutler, LLC)*, 632 B.R. 355, 411–12 (Bankr. D. Mass. 2021).

*Kalaydzhan v. Ross (In re Kalaydzhan)*, 660 B.R. 1, 12 (Bankr. D. Mass. 2024).

The Debtor has not objected to any proof of claim filed by the Movants, by seeking leave to do so earlier in the chapter 7 proceeding.[16] In the context of determining the issue of the amount of the nondischargeable claims, I may also consider the proofs of claim as part of the summary judgment record and whether the Debtor has shown substantial evidence in the record (disputed or not) to rebut the presumption that the proofs of claim are prima facie evidence of the validity and amount of the claims as contemplated by Fed. R. Bankr. P. 3001(f). The Debtor has not presented substantial evidence rebutting that presumption or any evidence distinguishing amounts claimed from the periods set out in the verdicts or the scheme of which he was convicted.

V. **Conclusion**

For the reasons above, each of the Motions is granted as follows:

1. Pursuant to § 523(a)(4), the Debtor's debt to Thi in the amount of $104,367.04, plus interest that has accrued since the date of the proof of claim, is not subject to discharge.

2. Pursuant to § 523(a)(4), the Debtor's debt to the Chys in the amount of $313,915.03, plus interest that has accrued since the date of the proof of claim, is not subject to discharge.

---

[16] Without reaching whether the Debtor would have had standing to object to the claims in place of the chapter 7 trustee, the Court observes the chapter 7 case has now otherwise been concluded with the filing of the trustee's report after distribution, other than for the pending Adversary Proceedings of the Plaintiffs.

3. Pursuant to § 523(a)(4), the Debtor's debt to Chau in the amount of $220,392.26, plus interest that has accrued since the date of the proof of claim, is not subject to discharge.

Separate judgments shall enter. The respective Movants may bring an action on the judgments in the Massachusetts state courts or any other court of competent jurisdiction to domesticate and enforce the judgments.

Dated: September 26, 2025

By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge